FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 SEP 18  PM 2: 50

CLERK_____
SO. DIST OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| ERNEST MYERS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV405-222 |
| | ) | |
| HUGH A. SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed for a petition for writ of habeas corpus under 28
U.S.C. § 2254.  Doc. 1.  Respondent has filed an answer.  Doc. 10.  For the
reasons that follow, the Court recommends that the petition be DENIED.

## I. Background

On September 17, 1997, a Chatham County grand jury indicted
petitioner on charges of kidnapping, aggravated stalking, and obstruction
of an officer.  Resp. Ex. 4 at 143-145.  A jury trial that began on February
10, 1998 ended in a mistrial on the following day because of improper
testimony by the victim. Id at 116.  On March 18, 1998, a new trial began.

Id.  The jury convicted petitioner on the kidnapping and obstruction charges on March 19, 1998. Id. at 229.  The charge of aggravated stalking was dismissed by an order of nolle prosequi.  Id. at 230.  The trial court sentenced petitioner to twelve years' imprisonment on the kidnapping conviction and a consecutive twelve months' imprisonment on the obstruction conviction.  Id.

Petitioner pursued a direct appeal in the Georgia Court of Appeals, alleging seven enumerations of error committed in the trial court.  The court of appeals affirmed his convictions and sentences on August 21, 2002. Myers v. State, No. A02A1318 (Ga. App. Aug. 21, 2002).

Petitioner filed an application for writ of habeas corpus in the superior court of Baldwin County on March 6, 2003. Resp. Ex. 1 at 1.  That court held an evidentiary hearing on April 30, 2003, and denied the petition on June 16, 2004.  Resp. Ex. 2 at 14.  The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on June 30, 2005.  Resp. Ex. 3.

Petitioner executed the instant federal habeas petition pursuant to 28 U.S.C. § 2254 on December 2, 2005, asserting the following grounds for

relief:

1.  Petitioner's conviction was obtained by an "unconstitutional arrest" in that he was not a family member of the victim and therefore could not be arrested without a warrant under Georgia's Family Violence Act;

2.  Trial counsel was ineffective for "being ignorant of the level of petitioner's charge" in that counsel incorrectly believed that petitioner was charged with felony obstruction when in fact he was charged only with misdemeanor obstruction;

3.  Petitioner was denied due process and the right to a fair trial when the prosecutor elicited hearsay testimony from a detective, who was allowed to read the victim's unsworn statement into evidence over petitioner's objection;

4.  Petitioner was denied the right to appeal "by inordinate delay in [the] appellate process" arising from appellate counsel's raising of frivolous rather than non-frivolous issues, causing the meritorious issues to be abandoned;

5.  The trial court abused its discretion when it first ordered that police reports and statements would be inadmissible, and then reversed itself and allowed a detective to read the victim's unsworn written statement into evidence over petitioner's objection;

6.  Petitioner's conviction was obtained by a failure of justice in that his arrest warrant was stale because it was signed 71 days after his warrantless arrest;

7.  Petitioner's right to a fair trial was violated due to prosecutorial misconduct when the prosecuting attorney:
    (1) violated the trial court's ruling against the use of inadmissible hearsay;
    (2) violated the trial court's ruling on a motion in limine against the use of character evidence;
    (3) caused a mistrial by eliciting improper hearsay evidence;
    (4) violated the oath of office by filing false information in her brief to the Georgia Court of Appeals;
    (5) filed a notice to prosecute petitioner as a recidivist where

petitioner has never been to prison;

8.    Petitioner's conviction violated the protection against double jeopardy because the state forced a mistrial by ignoring the trial court's order which excluded testimony the state elicited.

9.    Petitioner's conviction was obtained by "improper testimony before [the] grand jury" because a detective, the sole witness for the state, did not have "first-hand knowledge of the reported crime;"

10.   Petitioner's conviction was obtained by perjured testimony and ineffective assistance of trial counsel in that the victim contradicted two reports of the crime and because trial counsel failed to "charge [the] jury with perjury;"

11.   The verdict was contrary to the law and the principles of justice and equity and the evidence was insufficient to support petitioner's conviction.

Doc. 1.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In <u>Neeley v. Nagle</u>, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." <u>Id</u>. at 923.[1] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." <u>Id</u>.; <u>see also</u> <u>Hogan v. Hanks</u>, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court

---

[1]Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. <u>Lindh</u>, 96 F.3d at 869; <u>accord</u> <u>Green</u>, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." <u>Lindh</u>, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1523 (2000).

precedent. <u>Neeley</u>, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. <u>Id</u>. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. <u>Id</u>. at 924. This provision refers to mixed questions of law and fact. <u>Id</u>.; <u>Drinkard v. Johnson</u>, 97 F.3d 751, 767 (5th Cir. 1996); <u>Lindh v. Murphy</u>, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), <u>rev'd on other grounds</u>, 117 S. Ct. 2059 (1997).[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to <u>de novo</u> review, which Congress clearly did not intend." <u>Neeley</u>, 138 F.3d at 924; <u>see</u> H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), <u>reprinted in</u> 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application

---

[2]The Supreme Court held in <u>Lindh</u> that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable," the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[3]

---

[3]The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:

The Eleventh Circuit has recognized that the "reasonable jurist" standard, which the <u>Neeley</u> court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). <u>Parker v. Head</u>, 244 F.3d 831, 835 (11th Cir. 2001).  In <u>Williams</u> the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable.  The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

<u>Williams</u>, 120 S. Ct. at 1521-22 (emphasis added).   The court then

---

[O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review.  That is just realism.  It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned.  It is not.  It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

<u>Hennon v. Cooper</u>, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); <u>see</u> <u>Sweeney v. Parke</u>, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case).  The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." <u>Hennon</u>, 109 F.3d at 334 (citation omitted); <u>see also</u> <u>Holman v. Gilmore</u>, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying <u>Strickland</u> would justify granting habeas relief); <u>Berryman v. Horton</u>, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

## III. Analysis

### A. Procedural Default—Successive Petition Rule

In grounds 1, 4, 6, 7(4), 7(5), and 10 of his § 2254 petition, petitioner presents multiple claims of error which have not previously been raised in the state courts. Because petitioner failed to raise these claims timely in the state habeas court, the claims are procedurally defaulted under Georgia's successive petition rule. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Under the state's successive petition rule, a petitioner is required to raise all grounds for relief in his initial or amended state habeas petition. O.C.G.A. § 9-14-51. Any grounds not raised are considered defaulted,

unless state or federal constitutional law requires review or unless the claim could not have been reasonably raised in the original petition. Id.  In Chambers, the Eleventh Circuit made clear that, "[t]he Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'" 150 F.3d at 1327.  There is no indication that these claims could not have been raised earlier.  Therefore, the state's successive-petition rule would apply and this Court must decline to review the merits of these new claims under grounds 1,  6, 7(4), 7(5), and 10.  Accordingly, the Court recommends that these newly asserted claims be DISMISSED as procedurally barred.


**B. Procedural Default under O.C.G.A. § 9-14-48(d)**

In grounds 3, 5, and 9, petitioner raises claims of trial court error identical to claims he raised in his state habeas petition.  Because petitioner

10

failed to raise these grounds timely in the trial court and on direct appeal, however, the state habeas court found these claims were procedurally defaulted under O.C.G.A. § 9-14-48(d). Resp. Ex. 2 at 4.

Under Georgia law, claims not raised at trial or on direct appeal are procedurally defaulted and no habeas relief may be granted. O.C.G.A. § 9-14-48(d); Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985). The authority of the federal courts to review a state criminal conviction is strictly constrained when a petitioner procedurally defaulted on his claim by failing to follow applicable state procedural rules. Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998); Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal habeas review . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell,

353 F.3d 880, 892 (11th Cir. 2003). Petitioner has shown no cause or prejudice for his procedural default, or demonstrated his "actual innocence," either before the state habeas court or in this Court. Thus, petitioner has presented no basis for excusing his procedural default. "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." <u>Sims</u>, 155 F.3d at 1311 (citations omitted). Accordingly, the Court recommends that petitioner's claims under grounds 3, 5, and 9 be DISMISSED.

## C. Prosecutorial Misconduct

Petitioner alleges in grounds 7(1)-7(3) that his right to a fair trial was violated because of various incidents of prosecutorial misconduct arising from the introduction of inadmissible hearsay evidence and improperly placing petitioner's character into evidence. Doc. 1. Petitioner raised these claims in his direct appeal to the Georgia Court of Appeals, and that court found no error in the state's evidence presented at trial. <u>Myers</u>, A021318 at 2-3.

A federal court is "limited to deciding whether a conviction violated

the Constitution, laws, or treaties of the United States" in conducting habeas review. Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68. The decision of the court of appeals that the state did not impermissibly place petitioner's character into evidence and did not elicit improper hearsay evidence was based solely on state law grounds. Myers, A021318 at 2-3. While the court of appeals does not cite to specific authority or precedent in making its determination, the trial court's evidentiary rulings do not afford a basis for federal habeas relief. "Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes. . . . A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983); see also Llamas-Almaquer v. Wainwright, 666 F.2d 191, 193 (5th Cir. Unit B 1982) ("it is elementary that questions of state law cannot be raised on federal habeas."). Therefore petitioner's claims of prosecutorial misconduct on grounds 7(1)-7(3) fail to state a ground upon which federal habeas relief

may be granted.  Accordingly, the Court recommends that these claims be DISMISSED.


### D. Ineffective Assistance of Trial Counsel

In ground 2, petitioner alleges that his trial counsel was ineffective for "being ignorant of the level of petitioner's charge."  Doc. 1.  Petitioner raised this claim in his direct appeal before the Georgia Court of Appeals, which found that petitioner had failed to meet his burden of showing ineffectiveness of trial counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  Under Strickland, a defendant must first demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 466 U.S. at 687.  Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted.  Id.

The court of appeals found no basis in the trial record to support petitioner's claim that his trial counsel was ineffective for being unfamiliar

with the level of his charge. <u>Myers</u>, A02A1318 at 5. Furthermore, the court found no basis for concluding that petitioner was prejudiced by any confusion that his counsel may have had about the nature of the charge. <u>Id.</u> In evaluating this claim, the court of appeals applied Supreme Court precedent and concluded that trial counsel's performance did not constitute ineffective assistance of counsel as contemplated in <u>Stickland</u>. Consequently, this Court must adhere to the court of appeals reasonable application of proper Supreme Court precedent and find that petitioner's claim on ground 2 is without merit. Accordingly, the Court recommends that this claim be DISMISSED.

### E. Double Jeopardy

In ground 8, petitioner alleges that he suffered a double jeopardy violation when the prosecuting attorney forced a mistrial by ignoring the trial court's order which excluded testimony the state elicited. Doc. 1. Petitioner's original trial began on February 10, 1998; however, the court declared a mistrial the following day because the victim's testimony improperly placed petitioner's character into evidence. Resp Ex. 4 at 116.

On March 18, 1998, a new trial began. Id.  During the new trial, petitioner made a motion for mistrial based on alleged prosecutorial misconduct, and the trial court denied that motion. Id at 120-121.

To the extent petitioner is claiming that the second trial violated the double jeopardy clause due to the earlier mistrial, this claim is procedurally defaulted because it is a newly asserted claim that the state habeas court would decline to review under Georgia's successive petition rule.  See O.C.G.A. § 9-14-48(d); Chambers v. Thompson, 150 F.3d at 1327.

To the extent petitioner is claiming that the trial court erred in not granting a mistrial in the second trial because of alleged prosecutorial misconduct, this claim is barred because it is a state law claim that petitioner raised unsuccessfully on direct appeal. See Estelle, 502 U.S. at 68. Petitioner challenged the trial court's denial of his motion for a mistrial in his direct appeal, and the Georgia Court of Appeals found that the trial court did not err by denying the motion for mistrial because even if the prosecution placed petitioner's character into evidence, it was permissible to do so. Myers, A01A1318 at 3.  Even if the trial court's ruling was a violation of state law (which the Georgia Court of Appeals found it not to

be), any such error does not afford a basis for federal habeas relief. Carrizales, 699 F.2d at 1054-55; see also Llamas-Almaquer, 666 F.2d at 193.

Consequently, petitioner's claim of a double jeopardy violation fails to state a ground upon which federal habeas relief may be granted.  Therefore, this claim should be DISMISSED.

**F. Verdict Contrary to the Law.**

In ground 11, petitioner alleges that the verdict was contrary to the law and the principles of justice and equity and the evidence was insufficient to support his conviction. Doc. 1.  When a habeas petitioner asserts that there is insufficient evidence in the record to sustain his conviction, the court must determine whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found petitioner guilty of the charged crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979).  When weighing the sufficiency of the evidence, the court is not required to find that the evidence excludes every hypothesis except that of guilt beyond a reasonable doubt. Id. at 326; Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987), cert.

17

denied, 484 U.S. 925 (1987). "Faced with a record of historical facts that supports conflicting inferences, the court must presume that the jury resolved the conflicts in favor of the prosecution, deferring to the jury's judgment as to the weight and credibility of the evidence." Wilcox, 813 F.2d at 1143. "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the granting of habeas relief." Id.

In considering this claim on appeal, the Georgia Court of Appeals recounted the evidence presented at trial and noted the following:

> The state presented testimony from the victim that petitioner used intimidation and threats to force the victim into the vehicle and hold her against her will.  The state also presented testimony from two police officers that petitioner physically resisted their efforts to handcuff and arrest him. Petitioner testified, claiming that the victim voluntarily got in the vehicle and denying that he resisted arrest.

Resp. Ex. 4 at 79.

The court employed the Jackson standard to evaluate the sufficiency of the evidence and concluded that despite petitioner's contentions to the contrary, "[t]he evidence was sufficient for the jury to conclude beyond a reasonable doubt that [petitioner] was guilty of kidnapping the victim and

obstruction of an officer." <u>Myers</u>, A02A1318 at 79. Therefore, the court of appeals affirmed petitioner's convictions. <u>Id.</u>

In evaluating this claim, the court of appeals applied the proper Supreme Court precedent and reasonably determined that the evidence was sufficient to conclude beyond a reasonable doubt that petitioner was guilty of kidnapping and obstruction of an officer. Consequently, petitioner's claim for relief on ground 11 is without merit. Therefore, the Court recommends that this claim be DISMISSED.

## IV. Conclusion

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the Court recommends that the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED this** _18Th_ **day of September, 2006.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

19

# UNITED  STATES  DISTRICT  COURT

# SOUTHERN  DISTRICT  OF  GEORGIA

# SAVANNAH  DIVISION

ERNEST MYERS, JR.,    )
           )
  Petitioner,    )
           )
v.          )  Case No. CV405-222
           )
HUGH A. SMITH, Warden,  )
           )
  Respondent.    )

## O R D E R

After a careful de novo review of the record in this case, the Court

concurs with the Magistrate Judge's Report and Recommendation, to which

objections have been filed.  Accordingly, the Report and Recommendation

of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2006.


_____
**B. AVANT EDENFIELD**
**UNITED  STATES  DISTRICT  JUDGE**
**SOUTHERN  DISTRICT  OF  GEORGIA**

# UNITED  STATES  DISTRICT  COURT

# SOUTHERN  DISTRICT  OF  GEORGIA

## SAVANNAH   DIVISION

|  |  |  |
|---|---|---|
| ERNEST MYERS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV405-222 |
| | ) | |
| HUGH A. SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

After a careful <u>de</u> <u>novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2006.

_____
**B. AVANT EDENFIELD**
**UNITED  STATES  DISTRICT  JUDGE**
**SOUTHERN  DISTRICT  OF  GEORGIA**